## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **W. R. GRACE & CO.**<br>Global Grace Davison Headquarters<br>7500 Grace Drive<br>Columbia, MD 21044<br><br>           Plaintiff<br><br>     v.<br><br>**INTERNATIONAL CHEMICAL WORKERS'**<br>**UNION OF THE UNITED FOOD AND**<br>**COMMERCIAL WORKERS UNION**<br>**LOCAL 976C**<br>500 East Patapsco Avenue<br>Baltimore, MD 21225<br><br>           Defendant | <br><br><br><br><br><br><br>Civil Action No. |

## COMPLAINT TO VACATE ARBITRATION AWARD

**Parties**

1.      Plaintiff W. R. Grace & Co. ("the Company") is a Delaware corporation with its principal place of business in Columbia, Maryland. The Company operates a chemical plant in the Curtis Bay area of Baltimore. The Company is an employer within the meaning of Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2.      Defendant International Chemical Workers' Union of the United Food and Commercial Workers Union, Local 976C ("the Union") is a labor organization representing employees at the Company's Curtis Bay plant. It is a labor organization within the meaning of Section 301 of the Labor-Management Relations Act.

**Jurisdiction and Venue**

3. The Court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act.

4. Venue is proper in this district because the cause of action arose in Maryland, where all parties are located.

**Facts**

5. The Company and the Union were parties to a collective bargaining agreement for the term September 30, 2009 through September 30, 2012.

6. The collective bargaining agreement provided for the resolution of disputes through arbitration.

7. On August 2 through 5, 2011, the Company subcontracted maintenance work to an outside contractor. The subcontracted work involved welding inside a piece of equipment called a calciner, which was a confined space.

8. The Union grieved the subcontracting, on the grounds that it violated the subcontracting clause of the collective bargaining agreement.

9. The Company denied the grievance, on the grounds that the subcontracting was permissible under the collective bargaining agreement because the Company's existing equipment did not include the type of respirators necessary to perform the work safely.

10. The case went to arbitration, and a hearing was held December 16, 2013.

11. On January 22, 2014, the arbitrator issued his award, sustaining the grievance. A copy of the award is attachment 1.

12. The arbitrator found that if the work had not been subcontracted, it would have been assigned to five employees in a job classification known as Multi Skill Mechanics First Class, also known as Multis.

13. In the remedy portion of his award, the arbitrator found, in accordance with the undisputed evidence, that "the employees had already worked full-time on other jobs."

14. The arbitrator further found, in accordance with the undisputed evidence, that the work would not have been performed on overtime.

15. The arbitrator ordered the Company to pay each of five employees for four days work based on eight hours per day at the straight time rate of $30.57 per hour.

16. There was no evidence concerning which employees might have performed the work if it had not been subcontracted. The arbitrator directed that "The Union shall designate who the five employees are that are entitled to the backpay and shall inform the Company of the names of these five employees."

**Cause of action**

17. The arbitrator's remedial order exceeded his authority.

18. Specifically, the arbitrator found, in accordance with the evidence, that the Multis were fully employed when the work was subcontracted. He also found, in accordance with the evidence, that the work would not have been performed on overtime. Accordingly, the Multis experienced no lost pay as a result of the subcontracting.

19. Thus, the arbitrator's remedial order violated the well-established principle that arbitration remedies must be compensatory, not punitive.

**Relief sought**

For the reasons stated above, the Company requests that the arbitrator's remedial order be vacated and that the Court grant such other relief as it may find just and proper.

February 17, 2014                    Respectfully submitted,

/S/ _____
Gary L. Simpler, Bar No. 04945
Eric Hemmendinger, Bar No. 02050
SHAWE & ROSENTHAL, LLP
One South Street, Suite 1800
Baltimore, MD 21202
410-752-1040 Telephone
410-752-8861 Facsimile
els@shawe.com
eh@shawe.com

*Attorneys for Plaintiff*